COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 26 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

Zorik Mooradian, Esq., CSB No. 136636
zorik@mooradianlaw.com
Haik Hacopian, Esq., CSB No. 282361
haik@mooradianlaw.com
MOORADIAN LAW, APC
24007 Ventura Blvd., Suite 210
Calabasas, CA 91302
Telephone: (818) 487-1998
Facsimile: (888) 783-1030

Attorneys for: Plaintiff FRANCISCO SALAZAR, individually and on behalf of other persons similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES – SPRING STREEET COURTHOUSE

| | |
|---|---|
| FRANCISCO SALAZAR, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YUSEN LOGISTICS (AMERICAS) INC., an active New York Corporation; STAFFMARK INVESTMENT, LLC, an active Delaware Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>Assigned to:<br>Department:<br>Complaint Filed:<br><br>**COMPLAINT – CLASS ACTION**<br><br>1. Failure to Provide Meal Periods;<br>2. Failure to Provide Paid Rest Periods;<br>3. Failure to Pay Wages;<br>4. Failure to Timely Pay Wages at Termination/Separation;<br>5. Failure to Provide Accurate Wage Statements; and<br>6. Violation of Unfair Business Practices Act – Bus. & Prof. Code §§ 17200, *et seq.* |

Plaintiff FRANCISCO SALAZAR ("Plaintiff"), on behalf of himself and all others similarly situated, based on information and belief, complains and alleges:

COMPLAINT - CLASS ACTION -1-

# I.

# INTRODUCTION

1. This class action lawsuit arises out of the failure of Defendant YUSEN LOGISTICS (AMERICAS) INC. and Defendant STAFFMARK INVESTMENT, LLC (referred here as "Defendants") to provide meal periods at the proper intervals, to provide rest periods at the proper intervals, to pay all wages owed including overtime, to provide accurate and legally compliant wage statements, to reimburse employee business expenses, and to pay all wages owed to terminated or separated employees in a timely manner, and to pay all vacation pay owed to terminated or separated employees.

2. Defendants employed Plaintiff during the applicable time period, utilizing consistent policies and procedures in violation of Labor Code §200, et seq., Labor Code §500, et seq., Labor Code §1194, et seq., Labor Code §2800, et seq., and the applicable Wage Orders issued by the California Industrial Welfare Commission.

3. Defendant Staffmark Investment, LLC is a staffing agency and Defendant Yusen Logistics (Americas) Inc. is engaged in the business of warehousing and distribution. Plaintiff Salazar was hired by Defendants Staffmark and on or about July 28, 2020 and was placed for work with Defendant Yusen until Plaintiff's separation on or about September 1, 2020. At all times during his employment, Plaintiff had a non-exempt classification. Plaintiff was working at Defendants' facility located at 2211 East Carson Street in Carson, California.

4. At the time of his termination, Plaintiff was not paid all his wages.

5. Plaintiff was also deprived of lawful meal and rest periods, not paid all wages including overtime she was entitled to, and failed to receive accurate and legally compliant itemized wage statements.

6. Defendants had a consistent policy of not paying wages for all hours worked, including overtime wages as applicable. This includes the utilization of debit

pay cards which did not result in the timely and complete payment of wages at proper intervals, off-the-clock security checks of employees, and non-provision of net thirty (30) minute meal breaks.

7. Defendants had a consistent policy of requiring their employees, including Plaintiff, to work through meal periods or work without a meal period for at least five (5) hours of a shift and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided or as required by California state wage and hour laws.

8. Defendants had a consistent policy of failing to allow their employees, including Plaintiff, rest periods for at least ten (10) minutes per four (4) hours, or a major fraction, worked, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California state and wage and hour laws.

9. Defendants knowingly provided inaccurate wage statements to their employees, including Plaintiff, that did not correctly include the correct wages, including compensation for meal periods not provided and rest period not authorized or permitted as required by California state wage and hour laws.

10. Defendants had a consistent policy of failing to pay their employees, including Plaintiff, all wages due at the termination or separation, in violation of California state wage and hour laws.

11. Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to Lab. Code §§ 201, 202, 203, 212, 213, 226, 226.7, 510, 512, 1194, and 1194.2, seeking unpaid wages, business expense reimbursement, penalties, equitable relief, and reasonable attorneys' fees and costs.

12. Plaintiff, on behalf of himself and the putative class members, also brings

**COMPLAINT - CLASS ACTION -3-**

this action pursuant to Bus. & Prof. Code §§ 17200, *et seq.*, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants as a result of Labor Code and applicable Wage Order violations.

## II.
## JURISDICTION AND VENUE

13. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The County of Los Angeles is the proper venue, because work for Defendants was performed by Plaintiff and other class members in the County of Los Angeles and the legal obligations owed by Defendants to Plaintiff and other class members were breached in the County of Los Angeles.

14. The California Superior Court has jurisdiction in this matter, because Plaintiff is a resident of California, Defendants are qualified to do business in California, and regularly conduct business in California.

## III.
## THE PARTIES

15. Plaintiff FRANCISCO SALAZAR is a resident of the State of California, and was employed by Defendants in Los Angeles County from on or about July 28, 2020 through on or about September 1, 2020.

16. Defendant YUSEN LOGISTICS (AMERICAS) INC. was an active New York Corporation at all times during the claims of Plaintiff and the putative class, and was doing business in California.

17. Defendant STAFFMARK INVESTMENT, LLC was an active Delaware Limited Liability Company at all times during the claims of Plaintiff and the putative class and was doing business in California.

18. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as Does 1 through 10, but she is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

19. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

20. At all times relevant here and as set forth in the following paragraphs of this Complaint, Defendants employed more than 100 people; and Plaintiff and each member of the putative class was employed by Defendants, and each of them, in the State of California.

21. The employees of Defendants have not been provided: uninterrupted thirty-minute meal periods for work periods of more than five (5) hours per day; second uninterrupted thirty-minute meal periods for work periods of more than ten (10) hours per day; and have not been permitted to take ten-minute (10) rest periods for work periods of four (4) hours or major fractions, pursuant to the Labor Code, and applicable IWC Wage Orders.

22. Defendants failed to pay employees wages owed for all hours worked, including overtime hours as applicable.

23. Defendants failed to pay Plaintiff and the members of his putative class upon separation the wages earned and unpaid at the time of discharge.

24. Defendants failed to provide Plaintiff and the putative members of his class, at the time of each payment of wages, an accurate itemized statement in writing, showing the gross wages earned, including premium wages owed for failing to provide meal and/or rest periods at the proper intervals.

25. Plaintiff asserts claims for relief on behalf of himself and other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff and all members of his putative class are described below with specificity and fall in several categories of subclasses whose rights have been violated under the law. Defendants have made no effort as of the filing of this Complaint to correct or remedy the violations of law specified here.

## V.
## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all other employees of Defendants who are similarly-situated persons as a class action pursuant to California Code of Civil Procedure § 382. There is a well-defined common interest by and among Plaintiff and the putative class members, and it is impractical to bring all those individuals before the court under separate, different and repetitive actions. Plaintiff also reserves the right to amend or modify the class descriptions set forth below in greater specificity or clarity if required in the future in accordance with California Rules of Court, rule 3.765 (b). The class which Plaintiff seeks to represent is composed of and defined as follows:

> "Plaintiff Class" – All of Defendants' current and former non-exempt employees who worked for Defendants in California, during the four years before the filing of the Complaint through the time of class certification.

27. Plaintiff seeks to certify the following subclasses of employees:

a) "Meal Period Subclass" – All members of Plaintiff Class who worked each period exceeding five (5) hours without an uninterrupted, off duty, thirty (30) minute meal period and/or periods in excess of ten (10) hours without a second uninterrupted, off duty, thirty (30) minute meal periods; and were not provided compensation of one hour's pay at the employee's regular rate for each day that a meal period was not provided.

b) "Rest Period Subclass" – All members of Plaintiff Class who worked periods of four (4) hours or major fraction thereof without a duty free rest period of at least 10-minutes and who were not compensated one hour's pay at the employee's regular rate for each day that a rest period was not permitted.

c) "Unpaid Wage Subclass" – All members of Plaintiff Class who were not paid their minimum/actual wages, including the time that was unlawfully considered by Defendants as off-the-clock, as well as overtime wages for hours worked in excess of eight hours per day at the one and a half rate or at a double time rate as applicable.

d) "Waiting Time Subclass" – All members of Plaintiff Class to whom Defendants failed to pay all wages due to them upon termination or resignation under Labor Code §§ 201-203.

e) "Wage Statement Subclass" – All members of Plaintiff Class to whom Defendants improperly failed to provide accurate and legally compliant itemized wage statements under Labor Code §§ 226.

f) "Expense Reimbursement Subclass" – All members of Plaintiff Class to whom Defendants failed to fully reimburse employee business expenses as required by Labor Code §2802.

g) "UCL Subclass" – All members of the Meal Period, Rest Period, Unpaid Wage, Waiting Time, Wage Statement, Expense

**COMPLAINT - CLASS ACTION -7-**

Reimbursement Subclasses who were subject to unlawful, illegal, unfair and/or deceptive business acts and practices by Defendants and are entitled to disgorgement and restitution of unpaid wages.

28. There is a well-defined community of interest among many persons who comprise a readily ascertainable class:

   a) Numerosity - The potential members of the Class and Subclasses as defined here are so numerous that the individual joinder of all of them as named plaintiffs is impracticable. The number of members of the Class and Subclasses is unknown to Plaintiff. It is however estimated that the members are more than 100 individuals, and their identities may readily be ascertained from Defendants' records.

   b) Typicality – The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses, who sustained similar damages arising out of Defendants' common course of conduct in violation of law as alleged.

   c) Ascertainable Class – The proposed Class and Subclasses are ascertainable as the members can readily be identified and located based on the Defendants' payroll and personnel records.

   d) Adequacy – Plaintiff is an adequate representative of the Class and Subclasses: Plaintiff will fairly protect the interests of the members, she has no interest adverse to the members, and she will vigorously pursue this lawsuit on behalf of all the members of the Class and Subclasses. Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

   e) Superiority - Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions

would require. Further, the monetary amounts due to many individual members of the Class and Subclasses are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for the members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

f) Common Questions of Law and Fact – There are common questions of law and fact as to the members of the Class and Subclasses which are superior to questions affecting only individual members of the Class and Subclasses. The common questions of law and fact may be summarized as follows and if necessary will be refined with the progress of formal discovery in the case:

g) Whether Defendants failed to provide members of Plaintiff Class who ceased employment with Defendants all wages owed at the time of the cessation of the employee-employer relationship?

h) Whether Defendants violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with paid ten-minute (10) rest periods for each four hours worked?

i) Whether the remedy for an employer's failure to provide rest breaks as required by law is a premium wage for hardship of missing a lawful rest break?

j) Whether Defendants violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with an off-duty thirty minute (30) meal period for more than five hours of work?

k) Whether Defendants violated California law and applicable Wage Orders by failing to provide members of Plaintiff Class with a second meal period?

**COMPLAINT - CLASS ACTION -9-**

l) Whether the remedy for an employer's failure to provide meal period as required by law is a premium wage for hardship of missing a lawful meal period?

m) Whether Defendants violated California law, including the applicable wage orders by failing to properly compensate Plaintiff Class members for all hours worked, including overtime hours as applicable?

n) Whether Plaintiff Class is entitled to waiting time penalties under Labor Code § 203?

o) Whether Defendants violated California law by their failure to provide Plaintiff Class with accurate and legally compliant itemized wage statements?

p) Whether Defendants use of debit pay cards resulted in the timely and complete payment of wages to employees at proper intervals?

q) Whether Defendants violated Business and Professions Code §§ 17200 et. seq., Labor Code §§ 201, 202, 203, 212, 213, 226, 226.7, 510, 512, 1194, 1194.2, 2802, and applicable Wage Orders which constitutes violations of the public policy?

r) Whether Plaintiff Class is entitled to an equitable relief in accordance with Business and Professions Code §§ 17200 et. seq.

s) Whether Defendants' affirmative defenses, if any, raise common issues of law and fact as to Plaintiff Class as a whole and/or Subclasses in particular?

//
//
//
//
//
//

## VI.

## FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS OR
## COMPENSATION IN LIEU THEREOF
### (Labor Code §§ 226.7, 512)
### (By Plaintiff and Meal Period Subclass against Defendants)

29. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully alleged herein.

30. By their failure to provide thirty minute (30) uninterrupted meal period as well as second meal period, if applicable, to Plaintiff and members of the Meal Period Subclass, Defendants willfully violated the provisions of Labor Code §§ 226.7, 512 and applicable IWC Wage Orders.

31. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VII.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS OR
## COMPENSATION IN LIEU THEREOF
### (Labor Code § 226.7)
### (By Plaintiff and Rest Period Subclass against Defendants)

32. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully alleged herein.

33. By their failure to provide ten-minute (10) rest periods for every four (4) hours of work or major fraction thereof per day to Plaintiff and Rest Period Subclass, Defendants willfully violated Labor Code § 226.7 and applicable Wage Orders.

34. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VIII.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY WAGES
(Labor Code §§ 510, 1194, 1194.2)
(By Plaintiff and the Unpaid Wage Subclass against Defendants)

35. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully alleged herein.

36. At all relevant times, Plaintiff and the other members of the Unpaid Wage Class were employees of Defendants covered by Labor Code §§ 510, 1194, 1194.2 and applicable Wage Orders, and they were entitled to receive minimum and overtime wages for all hours worked and liquidated damages equal to unlawfully unpaid minimum wages with interest.

37. Defendants have violated California law and the specified provisions of the Labor Code and applicable Wage Orders by their failure to pay all wages due in accordance, including minimum wages, wrongfully classified off-the-clock wages and overtime pay. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## IX.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES DUE AT TERMINATION
(Labor Code §§ 201, 202, 203)
(By Plaintiff and Waiting Time Subclass against Defendants)

38. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully alleged herein.

39. By their failure to timely pay Plaintiff and Waiting Time Subclass, Defendants willfully violated the provisions of Labor Code §§ 201, 202, 203 and applicable Wage Orders. Sec. 203 of Labor Code provides that if an employer willfully fails

**COMPLAINT - CLASS ACTION -12-**

to timely pay such wages, the employer must, as penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced.

40. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## X.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (Labor Code §226)
### (By Plaintiff and Wage Statement Subclass against Defendants)

41. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully alleged herein.

42. By their failure to provide accurate itemized wage statements, semimonthly or at the time of each payment of wages, Defendants willfully violated the provisions of Labor Code §226 and applicable Wage Orders.

43. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## XI.

## SIXTH CAUSE OF ACTION
## VIOLATION OF UNFAIR BUSINESS PRACTICES ACT
### (Bus. & Prof. Code §§ 17200, *et seq.*)
### (By Plaintiff, Plaintiff Class and All Subclasses against Defendants)

44. Plaintiff incorporates paragraphs 1 through 43 of this Complaint as if fully alleged herein.

45. The alleged unlawful conduct of Defendants constitutes unfair competition

pursuant to Business and Professions Code §§ 17200 *et seq*, and this cause of action is brought as a cumulative remedy under Bus. & Prof. Code § 17205 for the time period starting four (4) years before the filing of the Complaint.

46. As a result, Plaintiff and other members of Plaintiff Class and Subclasses have suffered injury in fact and lost money or property. Plaintiff and said members have been deprived of their rights as set forth in this Complaint, including, but not limited to, payment of minimum and/or actual wages for all hours worked.

47. Pursuant to Business and Professions Code § 17203, Plaintiff and other members of Plaintiff Class and Subclasses are entitled to restitution of all wages owed to them under the Labor Code, and interest thereon, in which they had a property interest, which Defendants failed to pay to them but withheld and retained for themselves. Restitution of the money owed to Plaintiff, Plaintiff Class and Subclasses is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code provisions.

48. Plaintiff and members of Plaintiff Class and Subclasses are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

49. Plaintiff requests the court to issue a preliminary and permanent injunction prohibiting defendants from committing the Labor Code and applicable Wage Order violations set forth in this Complaint, and Plaintiff and the members of Plaintiff Class and Subclasses have suffered further damages as articulated in the Prayer for Relief, set forth below, also incorporated here fully as applicable.

## XII.
### PRAYER FOR RELIEF

**WHEREFORE**, on behalf of himself and all others similarly situated, Plaintiff prays for relief and judgment against Defendants as follows:

A. An order certifying that Plaintiff may pursue his claims as a class action under Section 382 of the Code of Civil Procedure; and it is further requested that Plaintiff Class and each Plaintiff Subclass be certified;

B. An order appointing Plaintiff as Class representative;

C. An order appointing Plaintiff's counsel as Class counsel;

D. Disgorgement of Defendants' wrongfully obtained profits and restitution of unpaid wages under Business and Professions Code §§ 17203, 17204;

E. Damages for unpaid additional compensation for failing to provide timely or uninterrupted or lawful meal periods and rest periods;

F. Damages for unpaid minimum wages under Labor Code § 1194;

G. Damages for unpaid overtime and double time wages to the extent applicable;

H. Liquidated damages under Labor Code § 1194.2;

I. Statutory penalties under Labor Code § 226(e);

J. Damages for unpaid penalty wages under Labor Code § 203;

K. Reasonable attorney's fees and costs pursuant to statute, including, but not limited to Labor Code § 218.5 and Code of Civ. Proc. § 1021.5;

L. Enjoinment of Defendants from further acts of unfair competition and continuous violations of the Labor Code and applicable Wage Orders;

M. For costs of the suit incurred; and

N. For such other relief that the Court may deem just and proper, including prejudgment interest and costs.

DATED: Aug. 26, 2021          MOORADIAN LAW, APC

                              By: _____
                                  Zork Mooradian,
                                  Haik Hacopian,

COMPLAINT - CLASS ACTION -15-

Attorneys for Plaintiff FRANCISCO SALAZAR individually and on behalf of other persons similarly situated

## DEMAND FOR A JURY TRIAL

Plaintiff FRANCISCO SALAZAR hereby demands a jury trial in the above case.

DATED: Aug. 26, 2021       MOORADIAN LAW, APC

By: _____
Zorik Mooradian,
Haik Hacopian,
Attorneys for Plaintiff FRANCISCO SALAZAR individually and on behalf of other persons similarly situated